Plaintiff's Complaint for Temp Restraining Order

**U.S District Court**
595 Main Street
Worcester, MA 01608
508.929.9900

FILED
IN CLERKS OFFICE

⁓⁓⁓ MAR 25  A  9.45
⁓⁓⁓

U.S. DISTRICT COURT
DISTRICT OF MASS.

Karen E. Barnard,

    Plaintiff, Pro Se

    vs.

Unidentified Third Part, M.A
Francis Gravel ~~at IBM~~,

    Defendant, Pro Se

Case No.: **05 - 40056**

**Complaint for**

**Ex Parte Temporary Restraining Order**

**Third Parties- Alleged Buyer and Real Estate Agent to be covered by Scope of Temp orary Restraining Order**

Attached: Plaintiff's Affidavit

---

**Plaintiff,** resident of Alaska, co-owner of "The Real Property", residence Alaska

**Defendant**, resident of Vermont, co-owner of "The Real Property", residence unknown

**"The Real Property"** means home and acreage located at 205 Plains Road in the Town of Westford Vermont,

Defendant has threatened to sell co-owned Real Property without consent of Plaintiff. There are no debt

collection issues regarding The Real Property. There are no statutes which provide for taking of Plaintiff's Title

or interests by Defendant. **Defendant is acting without authority or consent of Plaintiff**.


**Plaintiff's grounds for a Temporary Restraining Order are as follows:**

1. **Lack of an Ex Parte Temporary Restraining Order will result in substantial and irreparable long term financial and emotional harm to Plaintiff** and her young daughter if Defendant succeeds in selling Plaintiff's interest in The Real Property. Quick action is needed!

   a. Plaintiff will lose $40,000-$100,000 in lost revenue from a fraudulent sale.

   b. If Defendant's actions continue, Plaintiff and young Child will be homeless

   c. Plaintiff may be forced to pay $10,000 or more to a Real Estate Agent for a fraudulent sale

Plaintiff's Complaint for Temp Restraining Order

    d.  **Plaintiff has a serious back injury** and **unrelated serious head injury** from an automobile accident. **Plaintiff is a vulnerable adult being legally attacked** by Defendant.

    e.  Plaintiff must retain her legal rights and interests in The Real Property to stay financially solvent as due to high medical costs.

    f.  Plaintiff is selling her Real Property in Massachusetts and so has means to purchase Defendant's interests in the Vermont Real Property.

2.  **Plaintiff alleges** that the jointly owned The **Real Property is being fraudulently sold by Defendant** against Plaintiff's consent.

3.  **Plaintiff will retain Counsel to intervene. Counsel will** contact Defendant and then **determine if further action will occur in Federal or State Courts**.

    a.  Quick intervention will result in avoiding substantial costs brought on by lengthy litigation. Plaintiff wishes to minimize legal costs for both Plaintiff and Defendant.

    b.  **Plaintiff arrived late last night for the Easter weekend** and was **advised** by friends **to file** this Order in US District Court to prevent any action on part of Defendant **prior to her return to Vermont or Alaska.**

    c.  If there are jurisdictional issues please advise and issue Temp Restrain Order. Better to be safe. Federal procedure will allow an Order issued by this Court to be transferred to another Federal Court if jurisdiction issues are found to exist. Defendant's Actions must be stopped now!

*[handwritten margin note: PTF has right to Federal Protection in Diversity]*

4.  **Order will not harm Defendant** and will afford *Equal Protection Under the Law* **for both parties**.

    a.  Defendant is a highly paid IBM computer engineer

    b.  Plaintiff requires Temp Restraining order to prevent undue hardship for the Plaintiff.

5.  **Prevent financially powerful Defendant from overpowering Plaintiff by using intimidation, coercion and the Americal Legal System as a weapon against a vulnerable woman and young child.**

Plaintiff's Complaint for Temp Restraining Order

**Therefore, Plaintiff respectfully requests** the Unites States District Court to grant Plaintiff **immediate relief today as follows:**

1. **An Immediate Ex Parte Temporary Restraining Order**
2. Plaintiff requests scope of the requested Temporary Restraining Order to cover Defendant AND known or unknown Third Parties who have and continue to act in concert with Defendant to sell and/or other wise Transfer The Real Property to a Third Party.
3. If denied, please issue findings of fact, findings of Law and/or other basis for denial.

**Ex Parte Temporary Restraining Order** to give immediate protection for Plaintiff's interests in The Real Property is thus warranted and required **to prevent further long term financial damage to Plaintiff and young Child as** a result of Defendant's expressed intention to sell or otherwise transfer Title of Plaintiff's interests in The Property to a Third Party without the consent of the Plaintiff.

I thank you in advance for your time and consideration in response to my urgent pleas for help,

_____

Karen E. Barnard            Signed and Filed Friday March 25, 2005

9050 Claridge Place

Anchorage, Alaska 99507

**Cell phone 508.826.9804-        please call so I may come and get the signed Order**

Plaintiff will personally serve Defendant with the signed order and Complaint by US Mail to:

Francis Gravel PO Box 76 Westford, VT 05494

Plaintiff's Affidavit for Temp Restrain Order

# Plaintiff's Affidavit

FILED
IN CLERKS OFFICE

2005 MAR 25  A 9: 45

U.S. DISTRICT COURT
DISTRICT OF MASS,

1. Plaintiff recently arrived from Alaska via Boston at The Real Property and found Defendant had removed Plaintiff's personal and business property.

    a. Defendant had been living with consent from Plaintiff at The Real Property.

    b. Defendant moved out of the Real Property without notice to Plaintiff

    c. Plaintiff was last at The Property December 10, 2004 and returned to visit March 10, 2005.

    d. Defendant's new residential address is unknown to Plaintiff.

2. Defendant has told Plaintiff that he is selling or otherwise transferring Title to Real Property to a Third Party **without Plaintiff's consent** at a secret time and date. Plaintiff has never given Defendant verbal or written authority to either retain The Real Property for Defendant's sole use, sell or Transfer The Real Property to a Third Party. Plaintiff has continually maintained her claim to The Real Property.

    a. Plaintiff believes this fraudulent transfer **may occur at 7:30am Monday March 28, 2005**. An immediate Ex Parte Temp Restraining Order is thus warranted to prevent fraudulent transfer of Title of The Real Property, accepting and dispersing monies on behalf of Plaintiff.

    b. Plaintiff alleges that carefully planned collusion and/or collusion by the Defendant and multiple Third Parties have resulted in the illegal and wrongful threatened sale of Plaintiff's Real and Personal Property.

3. Plaintiff maintains that Defendant's actions are are illegal, fraudulent and must be stopped.

4. Plaintiff claims that Defendant has or is planning to do all or some of the following:

    a. Forge documents with Plaintiff's name

    b. Falsely misrepresented Plaintiff with out authority or consent from Plaintiff

    c. Transfer Title of The Real Property which is jointly owned

Plaintiff's Affidavit for Temp Restrain Order

5. **Plaintiff has financial means to pay Defendant for his interests in The Real Property and to assume Title of the jointly owned Real Property.**

   a. Impending sale of Plaintiff's Real Property in Massachusetts will give Plaintiff funds to buy Defendant's equity. Thus a Temporary Restraining Order will protect Plaintiff's Real property so Plaintiff may retain Counsel to work out the details of this transaction.

6. **Plaintiff claims that the coercive circumstances and mechanisms used by the Defendant for the threatened sale of The Property are illegal and wrongfully executed.**

   a. Plaintiff is in need of immediate protection under this Temporary Restraining Order.

   b. **Defendant's** behavior and policy is to deny Plaintiff ownership of jointly owned Real Property:

   c. Defendant has on multiple occasions, continually refused to discuss, negotiate, or otherwise allow Plaintiff to gain ownership of the jointly owned Real Property.

   d. Defendant has a history of control, superior financial means to obtain legal Counsel and the use of creative, subtle but aggressive use of the legal system to persecute and punish Plaintiff in order to deny her Property Rights

Plaintiff's Affidavit for Temp Restrain Order

7. **Plaintiff** has made it known to Defendant that she **desires to purchase Defendant's interests.**

8. **The Defendant's recent attack on Plaintiff's Real Property puts the Title to Real Property for ALL United States Citizens in jeopardy.** The US Federal Courts have a responsibility to further investigate and correct the mechanisms, business practices and loopholes which have resulted in continued and substantial damages to Plaintiff and her young Child. A Restraining Order will prevent further damage Title to Real Property.


Plaintiff, Karen E. Barnard certifies that this document is true to the best of her knowledge and belief.

Karen E. Barnard                    Signed and Filed Friday March 25, 2005

9050 Claridge Place

Anchorage, Alaska 99507

**Cell phone 508.826.9804-        please call so I may come and get the signed Order**

%JS-44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| Karen Barnard | Unknown MA resident |
| (b) County of Residence of First Listed Plaintiff  Worcester  (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  Unknown MA resident  (IN U.S. PLAINTIFF CASES ONLY)  NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number)  Pro Se | Attorneys (If Known)  n/a |

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Med. Malpractice | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | ❏ 365 Personal Injury - | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Injury Product | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | Liability | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | Property Damage | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | Product Liability | ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Product Liability | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | Sentence | ❏ 791 Empl. Ret. Inc. | or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | Accommodations | ❏ 530 General | | 26 USC 7609 | Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | | | ❏ 900Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ❏ 550 Civil Rights | | | to Justice |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition | | | ❏ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ❏ 440 Other Civil Rights | | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

- ❏ 1  Original Proceeding
- ❏ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from another district (specify)
- ❏ 6  Multidistrict Litigation
- ❏ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity - PTF = right to Federal Protection from conspiracy to sell property

Brief description of cause:
DEF + Unknown Third Party in MA - fraudulent selling PTF Real Prop

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ❏ Yes  ❏ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  *Karen Barnard*
   *Unidentified MA resident*

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

   ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

   ___   V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐    NO ☐

   A.  If yes, in which division do all of the non-governmental parties reside?

       Eastern Division ☐        Central Division ☐        Western Division ☐

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____ *Pro Se Plaintiff* _____
ADDRESS _____
TELEPHONE NO. _____